UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

      Plaintiff,

v.

Kamil Madfoun Al-Esawi,

      Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 07-50(4) ADM/SRN

___

David J. MacLaughlin, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Richard H. Kyle, Jr., Esq., Fredrikson & Byron, P.A., Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to the Objections of Defendant Kamil Madfoun Al-Esawi ("Defendant") [Docket No. 200] to the September 7, 2007, Report and Recommendation ("R&R") of Magistrate Judge Susan Richard Nelson [Docket No. 197]. The R&R denies Defendant's Motion to Suppress Statements [Docket No. 111]. The factual background of this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, Defendant's Objections are overruled and the R&R is adopted.

## II. DISCUSSION

In appeals of dispositive matters, the district court shall consider timely objections to the magistrate judge's ruling. Fed. R. Crim. P. 59(b)(3). "The district judge must consider de novo any objection to the magistrate judge's recommendation" and may accept, reject, or modify the recommendation. Id.

Defendant objects to Judge Nelson's conclusion that he was not in custody during questioning and that his statements to law enforcement officers were voluntary. Defendant's Objections are overruled and the R&R is adopted.

**A.     Custody**

Defendant argues that FBI Special Agent, Brian Kinney ("Kinney"), and IRS Special Agent, Tim Nichols ("Nichols"), conducted a custodial interrogation for which they were required to administer a <u>Miranda</u> warning. Because Agents Kinney and Nichols did not administer a <u>Miranda</u> warning, Defendant asserts that this court should suppress the statements made in the course of the interrogation.

When assessing whether a defendant is in custody for the purposes of the Fifth Amendment, the court evaluates the totality of the circumstances. <u>United States v. Griffin</u>, 922 F.2d 1343, 1349 (8th Cir. 1990). There are several "indicia of custody" that this court considers to determine whether a <u>Miranda</u> warning was required:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning was police dominated; or, (6) whether the suspect was placed under arrest at the termination of the questioning.

<u>Id.</u>

The facts elicited from Special Agent Nichols' testimony at the pretrial motions hearing demonstrate that Defendant was not in custody for the purposes requiring a <u>Miranda</u> warning. Aug. 6, 2007, Hr'g Tr. [Docket No. 182] at 16. Defendant agreed, without hesitation, to answer

the agents' questions.  Id. at 16.  During the course of the interview, Defendant freely interrupted the interview to attend to customers without requesting permission to do so.  Id. at 18.  At no point during the interview did Defendant tell the officers that he was unwilling to answer questions or ask them to leave the store.  Id. at 26.  The agents did not use psychological tactics to coerce Defendant into answering questions, they did not make any promises or threats to induce him to answer questions, and did not, at any point in the interview, take out their handcuffs or weapons in order to intimidate Defendant.  Id. at 19.

The setting in which the agents conducted the interview was not police dominated.  The agents were in plain clothes; in Defendant's workplace, a setting more familiar to him than to the agents and the store was open to customers the entire time.  Id. at 13-14, 16, 17.  Although the cumulative duration of the interview was approximately two hours, it was by no means a marathon session.  See United States v. Helmel, 769 F.2d 1306, 1320 (8th Cir. 1985) (finding that the length of an interview was not unreasonable where it was not a "marathon session designed to overcome [the defendant's] will").  Rather, there were several breaks taken while Defendant attended to customers and while the officers left the store during the middle of the interview.  Hr'g Tr. 17, 26.

Further supportive of a conclusion that Defendant was not in custody is the fact that Defendant was not arrested until more than a month after the interview.  As outlined above, the Griffin factors do not support a finding of custody during the agents' interview of Defendant.  Accordingly, this Court agrees with Judge Nelson's conclusion that Defendant was not in custody during the interview.

**B.     Voluntariness**

Defendant argues that this court must suppress his statements because they were involuntary. Defendant contends that the officers engaged in coercive tactics when they went to the store knowing he would be there alone and that his mental condition and difficulty communicating in English impaired his ability to exercise his will.

In order to determine whether Defendant's statements were voluntary, this Court considers "all the circumstances surrounding the giving of the confession." United States v. Bordeaux, 980 F.2d 534, 538-39 (8th Cir. 1992). "A statement is involuntary when it was extracted by threats, violence, or express or implied promises sufficient to overbear the defendant's will and critically impair his capacity for self-determination." United States v. LeBrun, 363 F.3d 715, 724 (8th Cir. 2004).

Agents Nichols and Kinney did not engage in coercive tactics. They made no promises or threats to induce Defendant's statements, nor did they engage in any conduct that can be deemed sufficient to overbear Defendant's will. Simply targeting the Defendant for questioning when the agents believed he would be alone in the store is not coercive conduct. Defendant has failed to offer any evidence demonstrating that his mental condition or language skills impaired his ability to exercise his will. Defendant's statements were made voluntarily and should not be suppressed.

## III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  Magistrate Judge Susan Richard Nelson's R&R [Docket No. 197] is **ADOPTED**;

2.  Defendant's Objections to the R&R [Docket No. 200] are **OVERRULED**; and

3.  Defendant's Motion to Suppress Statements [Docket No. 111] is **DENIED**.

BY THE COURT:


          s/Ann D. Montgomery          
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 12, 2007.