UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Kamil Madfoun Al-Esawi,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 07-50(4) ADM/SRN

___

David J. MacLaughlin, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Richard H. Kyle, Jr., Esq., Fredrikson & Byron, P.A., Minneapolis, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Kamil Al-Esawi's ("Defendant" or "Al-Esawi") Objections [Docket No. 273] to Magistrate Judge Susan Richard Nelson's October 31, 2007, Report and Recommendation ("R&R") [Docket No. 258] that Al-Esawi's Motion for Severance of Defendants and Offenses [Docket No. 231] and his Motion for Severance of Offenses [Docket No. 238] be denied. For the reasons set forth herein, Defendant's Objections are overruled.

## II. BACKGROUND

**A.   The Charges Against Al-Esawi**

Counts One and Three of the Superseding Indictment [Docket No. 198] charge Al-Esawi with two counts of making materially false statements to federal agents, in violation of 18 U.S.C. § 1001(a)(2). Count Two charges co-defendant Musaab Fares Wazwaz ("Musaab Wazwaz") with one count of making materially false statements to federal agents. Count One of the

Superseding Indictment alleges that on or about January 20, 2006, Al-Esawi "falsely told a special agent of the FBI and a special agent of the IRS that Maplewood Tobacco was beneficially owned and controlled by defendant Musaab Fares Wazwaz, even though he well knew and believed at the time he made that statement that Tawfiq Othman Wazwaz beneficially owned and controlled Maplewood Tobacco." Superseding Indictment ¶ 7.

Count Three alleges that on or about February 15, 2006, Al-Esawi "falsely stated to government agents that an unindicted coconspirator hired him to work at Maplewood Tobacco in approximately March of 2003, even though he well knew and believed at the time he made the statement that defendant Tawfiq Othman Wazwaz and members of his family hired him to work at Maplewood Tobacco, not the unindicted coconspirator." Id. ¶ 13. The February 15, 2006, interview between Al-Esawi and government agents was subject to a proffer letter signed by Al-Esawi, his lawyer, and the Assistant United States Attorney. Def.'s Ex. A [Docket No. 232] in Supp. of Mot. for Severance of Defs. and Offenses. In the proffer letter, the government agreed that it "will not offer in its case-in-chief . . . any oral statements made by [Al-Esawi] at the meeting, except in a prosecution for false statements, obstruction of justice, or perjury." Id. ¶ 2. However, the Government can use Al-Esawi's statements from the February 15, 2006, proffer session for "the purpose of cross-examination should [Al-Esawi] testify, or to rebut any evidence offered by or on behalf of [Al-Esawi] in connection with a trial . . . ." Id. ¶ 3(b).

**B.     Procedural History Regarding the Instant Objections**

On November 16, 2007, this Court issued an Order [Docket No. 279] denying *inter alia* Al-Esawi's Motion for Severance of Defendants and Offenses and his Motion for Severance of Offenses. Due to a mistake in viewing the electronic docket, the Court was unaware that Al-

Esawi had timely filed the instant Objections on November 14, 2007. Therefore, the November 16, 2007, Order is vacated to the extent it denies: (1) Al-Esawi's Motion for Severance of Defendants and Offenses, and (2) Al-Esawi's Motion for Severance of Offenses.

### III. DISCUSSION

**A.    Standard of Review**

"A district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). The district judge must make an independent, de novo determination of those portions of the R&R to which a party objects. Fed. R. Crim. P. 59(b)(3).

**B.    Defendant's Objections**

    **1.    Severance of Counts One and Three**

Al-Esawi objects to Judge Nelson's recommendation that this Court deny Al-Esawi's request that Counts One and Three against him be tried separately. Rule 8(a) of the Federal Rules of Criminal Procedure provides that two offenses may be joined in the same indictment if they "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Under Rule 14(a), a court may order separate trials if the joinder of offenses appears to prejudice a defendant or the government. Fed. R. Crim. P. 14(a).

Al-Esawi does not dispute Counts One and Three against him may be joined under Rule 8(a). He argues, however, that he will be prejudiced if the two counts are tried together. Al-Esawi emphasizes that his proffered February 15, 2006, statement may not be used to prove the

falsity of his earlier statements.  In light of this, Al-Esawi contends he will be seriously prejudiced in the prosecution of Count One by the introduction of the immunized statement in the prosecution of Count Three.  In rejecting these arguments, Judge Nelson found that the immunized February 15, 2006, statement regarding who hired Al-Esawi is not probative of the falsity of his January 20, 2006 statement regarding the ownership of Maplewood tobacco.  R&R at 8.  Further, Judge Nelson found that any potential prejudice could be cured by an appropriate limiting instruction to the jury.  Id.

This Court agrees with Judge Nelson's analysis.  Significantly, the parties have agreed to a bench trial.  A joint trial of Counts One and Three against Al-Esawi can be structured so that this Court can compartmentalize the admissible evidence regarding each count.  See United States v. Boyd, 180 F.3d 967 (8th Cir. 1999) (suggesting that bench trial "decreases the potential for the trier of fact to lose its way amidst the varied evidence necessary to prove violations of the separate statutes").  Al-Esawi's objections regarding severance of the two counts against him are overruled.

### 2. Severance of Defendants

Al-Esawi also objects to Judge Nelson's recommendation that his trial not be severed from Musaab Wazwaz's trial.  Al-Esawi does not dispute that he and Musaab Wazwaz are properly joined in the same indictment under Rule 8(b) of the Federal Rules of Criminal Procedure.  However, Al-Esawi contends he will be prejudiced by a joint trial because he needs to call Musaab Wazwaz as a witness.  Al-Esawi believes that Musaab Wazwaz will testify that he told federal agents he was the owner of Maplewood Tobacco.  Al-Esawi contends that this testimony would corroborate his own statement that he believed Musaab Wazwaz was the true

owner.  Therefore, Al-Esawi argues that severance under Rule 14(a) is proper because otherwise he will be unable to present this exculpatory evidence.  Judge Nelson correctly rejected this argument because Al-Esawi did not show that Musaab Wazwaz is likely to testify at a separate trial.  See United States v. Delpit, 94 F.3d 1134, 1144(8th Cir. 1996) (stating that defendant seeking severance of co-defendant "must show that it is likely his co-defendant actually would have testified and that this testimony would have been exculpatory").  Trial is scheduled to begin on December 3, 2007, and Al-Esawi still has not shown it is likely that Musaab Wazwaz will testify.  Therefore, Al-Esawi's objection regarding severance of defendants is overruled.

# IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. This Court's November 16, 2007, Order [Docket No. 279] is **VACATED** to the extent it denies: (1) Defendant Kamil Al-Esawi's Motion for Severance of Defendants and Offenses [Docket No. 231], and (2) Defendant's Motion for Severance of Offenses [Docket No. 238];

2. Defendant Kamil Al-Esawi's Objections [Docket No. 273] to Magistrate Judge Susan Richard Nelson's Report and Recommendation [Docket No. 231] are **OVERRULED**;

3. Defendant's Motion for Severance of Defendants and Offenses [Docket No. 231] is **DENIED**; and

4. Defendant's Motion for Severance of Offenses [Docket No. 238] is **DENIED**.

                                                BY THE COURT:

                                                s/Ann D. Montgomery
                                                ANN D. MONTGOMERY
                                                U.S. DISTRICT JUDGE

Dated:  November 30, 2007.